UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAITHLIFE CORPORATION,<br><br>        Plaintiff,<br><br>        v.<br><br>PHILADELPHIA INDEMNITY<br>INSURANCE COMPANY,<br><br>        Defendant. | Case No. C18-1679-RSL<br><br>ORDER DENYING MOTION<br>FOR PARTIAL SUMMARY<br>JUDGMENT AND FOR<br>RELIEF FROM DEADLINE |

      This matter comes before the Court on plaintiff Faithlife Corporation's "(1) Motion for Partial Summary Judgment Re: Duty to Defend and Coverage by Estoppel, and (2) Motion for Relief from Deadline" (Dkt. # 35). Having reviewed the submissions of the parties and the remainder of the record, the Court finds as follows:

      Plaintiff is a bible software company, and defendant Philadelphia Indemnity Insurance Company is an insurance company. Defendant insured plaintiff under several commercial liability insurance policies during a period spanning from approximately 2015 to 2018. See Dkt. # 12 at 75. The two relevant policies include the 2016 policy, which covered the period from December 17, 2015 to December 17, 2016, and the 2017 policy, which covered the period from December 17, 2016 to December 17, 2017. See id. at 12-73, 75-136. The 2016 policy and 2017 policy both generally stated that plaintiff was required to report any claim to defendant as soon as practicable after first becoming aware of the claim, but not later than 60 days after the expiration of the policy. See id. at 43-53, 106-16.

ORDER DENYING MOTION FOR PARTIAL
SUMMARY JUDGMENT AND FOR RELIEF
FROM DEADLINE - 1

On November 25, 2015, two of plaintiff's former employees filed administrative charges against plaintiff with the Washington State Human Rights Commission and the Equal Employment Opportunity Commission. See id. at 138-39, 141–42. Notice of each of the administrative charges was mailed to plaintiff's human resources department on April 28, 2016. See id. Plaintiff did not report the notices of administrative charges to defendant at that time. See Dkt. # 1-3 at ¶¶ 9–10; Dkt. # 18-1 at ¶ 7. On March 22, 2017, the former employees filed an employment discrimination case in Whatcom County Superior Court. See Dkt. # 12 at 144-58. On March 28, 2017, plaintiff reported the employment discrimination claim to defendant. See Dkt. # 13 at 4, 6.

On December 16, 2020, the Court issued an Order finding that the employment discrimination claim was excluded from insurance coverage due to plaintiff's failure to timely report it to defendant under the 2016 policy. Dkt. # 33 at 9. In that Order, the Court expressly declined to rule on plaintiff's coverage by estoppel claim because plaintiff failed to raise the claim in its cross-motion for summary judgment. See id. at 12 n.6. Rather, plaintiff raised estoppel only in its response to defendant's motion for partial summary judgment, despite that estoppel was not at issue in defendant's motion. Id. at 12, 12 n.6.

Plaintiff now moves the Court to grant partial summary judgment on the grounds that defendant breached its duty to defend, and plaintiff is entitled to coverage by estoppel with respect to the underlying lawsuit. Plaintiff filed the instant motion on January 27, 2021. Dkt. # 35. Dispositive motions were due by March 3, 2020. Dkt. # 29. Plaintiff moves the Court to hear the motion on the merits despite the lapse of the deadline because it "did not learn until December 2020 that the Court would decline to resolve its coverage by estoppel argument." Dkt. # 35 at 8. Before reaching the merits of plaintiff's motion, the Court considers whether to excuse the tardy filing.

Under Rule 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard of Rule 16(b) primarily considers the diligence of the party seeking the

ORDER DENYING MOTION FOR PARTIAL
SUMMARY JUDGMENT AND FOR RELIEF
FROM DEADLINE - 2

amendment. If that party was not diligent, the inquiry should end." Branch Banking & Tr. Co. v. D.M.S.I., LLC, 871 F.3d 751, 764 (9th Cir. 2017) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609. Plaintiff's failure to properly raise an issue in its prior timely motion for summary judgment exhibits carelessness. Even if the Court had reached plaintiff's estoppel argument presented in its response to defendant's motion for partial summary judgment *and* ruled in plaintiff's favor, this would not have provided a mechanism for the Court to grant plaintiff summary judgment on its estoppel claim. See Dkt. # 18-3 (Plaintiff asking the Court to find that "the evidence of Philadelphia's conduct in this case raises an issue of fact regarding a coverage by estoppel defense"). Plaintiff in essence argues that it was caught off guard by the Court's failure to grant relief that it never sought. This falls far short of a showing of good cause.

    For all of the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion (Dkt. # 35) is DENIED.

    DATED this 6th day of July, 2022.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR PARTIAL
SUMMARY JUDGMENT AND FOR RELIEF
FROM DEADLINE - 3